# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DAMARCUS D. MCGINTY**
**United States Army, Appellant**

ARMY 20110627

Headquarters, 2nd Infantry Division
T. Mark Kulish and Patrick Parrish, Military Judges
Colonel Jeffery D. Pederson, Staff Judge Advocate (pretrial)
Lieutenant Colonel Paula I. Schasberger, Staff Judge Advocate (post-trial)

For Appellant:  Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Daniel D. Mauer, JA (on brief).

30 July 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of violating a lawful general order, three specifications of failing to obey a lawful order, and three specifications of committing indecent conduct, in violation of Articles 92 and 920, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for thirty months, and reduction to the grade of E-1.

Appellate counsel assigned three errors to this court and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  The first error raised by appellate counsel merits discussion but no relief.  The additional assignments of error and those matters raised by appellant pursuant to *Grostefon* are without merit.

**BACKGROUND**

In an assignment of error to this court, appellant alleges he received ineffective assistance of counsel in the post-trial phase of his court-martial. Specifically, appellant asserts that his trial defense counsel failed to adequately advise him of his post-trial rights and failed to submit certain letters on appellant's behalf to the convening authority. Appellant alleges he obtained a letter of support from a family friend, Mr. SF, and prepared his own letter for presentation to the convening authority. According to appellant, he mailed these documents to his defense counsel in early November 2011 for inclusion in his request for clemency to the convening authority. In his affidavit to this court, appellant maintains:

> Prior to my court-martial, I was briefly advised of my post-trial and appellate rights by my defense counsel Captain (CPT) [CD]. That was the only discussion we had concerning post-trial matters. I have spoken with CPT [CD] only one time since I arrived at Fort Lewis. That conversation occurred in late October or early November 2011, via telephone.

> During that conversation CPT [CD] did not discuss my R.C.M. 1105/1106 matters. Captain [CD] never requested that I send him a letter or any other matters. The only time that CPT [CD] spoke to me about clemency was when he briefly discussed my post-trial rights the day before my court-martial.

> The post-trial advice that CPT [CD] provided to me on the eve of trial was brief and I understood very little of it at the time. After I arrived at Fort Lewis, I began to understand the R.C.M. 1105/1106 clemency process better. I learned from a counselor here at the facility that I could submit letters and petition the convening authority for clemency. I was advised that I should [submit] clemency matters to my defense counsel.

> After learning of my right to request clemency, I contacted family and friends and I requested letters of support. In October 2011, I received a letter from a family friend, Mr. [SF] of Dallas, Texas. I also wrote a letter on my behalf. In early November 2011, I mailed Mr. [SF's] letter and my letter to CPT [CD] in Korea . . . . I intended for these letters to be submitted as part of my R.C.M. 1105/1106 matters. To my knowledge, they were

2

not submitted to the convening authority. In fact, no
letters of support were submitted on my behalf along with
CPT [CD's] clemency request.

Appellant also included a second affidavit wherein he explained the content of his personal handwritten letter intended for the convening authority. Appellant avers the letter contained information such as: he played college football; he regularly sent money to his young daughter; he was remorseful for his crimes; and his sentence was overly severe compared to his co-accused. Finally, appellant informed the convening authority of his aspirations for the future and the negative impact of a punitive discharge. Appellant did not include a copy of the letter from Mr. SF nor did he provide an explanation or summary of the content of that letter.

## LAW AND DISCUSSION

The Sixth Amendment guarantees an accused the right to effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). In the military, this guarantee extends to assistance with the post-trial phase of a court-martial. *United States v. Lee*, 52 M.J. 51, 52 (C.A.A.F. 1999). We review de novo claims that an appellant did not receive the effective assistance of counsel. *United States v. Mazza*, 67 M.J. 470, 475 (C.A.A.F. 2009).

"In assessing the effectiveness of counsel we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and begin with the presumption of competence announced in *United States v. Cronic*, 466 U.S. 648, 658 (1984)." *Gooch*, 69 M.J. at 361. To overcome the presumption of competence, the *Strickland* standard requires an appellant to demonstrate "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687).

This Court applies a three-part test to determine whether the presumption of competence has been overcome:

1. Are the allegations true, and, if so, is there any reasonable explanation for counsel's actions?

2. If the allegations are true, did counsel's performance fall measurably below expected standards?

3. Is there a reasonable probability that, absent the errors, there would have been a different outcome?

3

*United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991). In the context of a post-trial claim for ineffectiveness, our superior court has modified the third step, requiring only that there be some colorable showing of possible prejudice. *Lee*, 52 M.J. at 53 (citing *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)).

When assessing *Strickland's* first prong, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. When challenging the performance of trial defense counsel, the appellant "bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citation omitted).

When there is a factual dispute, we determine whether further fact-finding is required under *United States v. Ginn*, 47 M.J. 236 (C.A.A.F.1997). If, however, the facts set forth in the affidavit do not set forth specific facts but consist of speculative or conclusory observations, the claim may be rejected on that basis. *Ginn*, 47 M.J. at 248. Further, if the facts alleged by the defense would not result in relief under the high standard set by *Strickland*, we may address the claim without the necessity of resolving the factual dispute. *Ginn*, 47 M.J. at 248.

First, regarding the letter from Mr. SF, we find that we need not return this case for further fact-finding under *Ginn* because appellant's affidavits do not set forth specific facts, "but consist[] of speculative or conclusory observations." *Id.* Thus, we are able to decide the legal issue without further proceedings. *Id.* While appellant avers he obtained and mailed a letter from Mr. SF for inclusion in his clemency submission, appellant fails to produce a copy of this letter and fails to summarize or describe the content of the letter. Thus, appellant's claim that failure to include Mr. SF's letter rendered counsel's submission deficient is speculative at best, and we can discount such an assertion.

Second, regarding appellant's claim that he was not adequately advised by counsel, we find the appellate filings and the record as a whole "compellingly demonstrate the improbability of those facts," and we may discount those factual assertions and decide the legal issue. *Id.* Appellant maintains that until a very late stage he was unaware of his ability to submit clemency matters to the convening authority. However, this statement is directly contradicted by the record. Appellant signed a post-trial rights advisement form wherein he acknowledged:

> Under Rules For Court-Martial 1105 and 1106, I have the right to submit matters to the convening authority that I wish him to consider in deciding what action to take in my case. Those matters include, but are not limited to, a

> personal statement, personal letters and documents, letters
> and documents from any other person . . . .

Appellant then initialed the portion of the form indicating he understood his post-trial and appellate rights.  Therefore, the record directly refutes appellant's claim he was unaware of his ability to submit clemency matters.

Third, we find, even if any and all factual disputes were resolved in appellant's favor, he failed to establish his counsel's performance fell measurably below the expected professional standards and his claims would not result in relief. *See Green*, 68 M.J. at 361 (holding an accused must prove his counsel's performance was deficient in order to overcome the presumption of competence). *See also Polk*, 32 M.J. at 153 (holding a court must assess whether appellant's performance fell below objectively reasonable standards).  Here, appellant signed and initialed the post-trial and appellate rights form before his court-martial.  On the form, appellant specifically provided:

> If I have matters that I wish the convening authority
> to consider, or matters in response to the staff judge
> advocate's recommendation, such matters must be
> submitted within 10 days after I receive a copy of the
> record of trial or the recommendation of the staff judge
> advocate, whichever occurs later . . . .
>
> Upon my request, the convening authority may
> extend this period for good cause, for not more than 20
> days.

Appellant's trial ended on 22 July 2011 and the post-trial recommendation was completed on 20 September 2011.  Appellant received a copy of the record of trial and post-trial recommendation on 3 October 2011.  Having been served on 3 October 2011, the deadline for appellant's submission would have been 13 October 2011 (or 2 November 2011 if extended for the maximum allowable period).  Based on the post-trial and appellate rights form, it is clear appellant was aware of his deadline for the submission of his clemency matters.  However, he failed to meet it.  Neither the record nor the appellate filings indicate appellant informed his trial defense counsel that he was about to or did mail matters for submission but that these letters would arrive past the deadline.  Under these circumstances, we cannot say appellant's defense counsel acted unreasonably in timely submitting matters to the convening authority.  This is especially true where action was not taken until 17 November 2011 and there is no indication contained in the record that the letters had arrived in Korea even at that later date.

Finally, we find even if counsel's performance were deficient, appellant has failed to establish that the deficiency resulted in prejudice. *See Strickland*, 466 U.S. at 687. Although appellant's letter would have provided one additional piece of information–that appellant played college football and an injury caused him to leave school–the remainder of the information was included within the record of trial or within appellant's trial defense counsel's clemency request. This includes appellant's personal background; his apology to all involved and acknowledgment of guilt; his financial responsibility for his daughter; and appellant's argument that his sentence was overly severe. Thus, because the essence of the information was ultimately presented to the convening authority, we are confident appellant has failed to make a colorable showing of possible prejudice.

## CONCLUSION

On consideration of the entire record, the submissions of the parties, and those matters personally raised by appellant pursuant to *Grostefon*, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact.

Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge CAMPANELLA concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court